**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARNE K. MITSKOG,

Plaintiff,

v.

MERRICK B. GARLAND,
United States Attorney General, *et al.*,

Defendants.

Case No. 20-cv-1154 (JMC)

**MEMORANDUM OPINION**

Plaintiff Marne K. Mitskog, a former U.S. Department of Justice (DOJ) employee, filed a lawsuit against the DOJ and various named defendants on May 4, 2020.[1] ECF 1. This litigation arises from Mitskog's employment discrimination claim against the DOJ, which was adjudicated by the Equal Employment Opportunity Commission (EEOC). On May 30, 2014, an Administrative Judge (AJ) of the EEOC entered a default judgment against the DOJ and in favor of Mitskog. ECF 25 at 1, 12. On January 28, 2020, the EEOC, on its own motion, vacated the AJ's default judgment and reversed the remedies ordered by the EEOC's Office of Federal Operation (OFO). *Id.* at 16–21. Three months later, Mitskog filed this action pro se to enforce the remedies in the reversed OFO decision. ECF 1. The DOJ and other named defendants from the DOJ and EEOC in their official capacities (collectively, Defendants) then filed a motion to dismiss, arguing that Mitskog failed to state a claim upon which relief may be granted. ECF 20. For the reasons that follow, the Court **GRANTS** Defendants' motion to dismiss, and also

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

dismisses Plaintiff's claims against the Defendants named in their individual capacities.

## I. BACKGROUND

On August 1, 2010, Mitskog was hired as a trial attorney in the Consumer Protection Branch of DOJ's Civil Division for a probationary period ending no later than January 31, 2012. ECF 25 at 1. On March 2, 2011, Mitskog was notified of her termination and given the option to resign, which she did the next day. *Id.*

On June 17, 2011, Mitskog filed a formal Equal Employment Opportunity (EEO) complaint with the DOJ. *Id.* In her EEO complaint, Mitskog alleged that the DOJ (1) discriminated against her on the basis of sex, disability, and age; and (2) retaliated against her for prior protected activity. *Id.* at 5–6. On October 24, 2011, the DOJ issued a letter accepting Mitskog's complaint for investigation as a mixed case,[2] and on November 16, 2011, it authorized commencement of the investigation. *Id.* at 1. On May 15, 2012, the DOJ sent Mitskog the Record of Investigation associated with her EEOC complaint, informed her that her complaint was misclassified as a mixed case, and advised her that she could request either a hearing on her discrimination complaint before an EEOC AJ or a final agency decision. *Id.* Mitskog requested an EEOC hearing on June 15, 2012, and the DOJ sent Mitskog's case to the EEOC's New Orleans Field Office on December 3, 2012. *Id.*

On January 21, 2013, Mitskog moved the EEOC to enter a default judgment based on the DOJ's delay in processing her discrimination complaint. *Id.* The DOJ opposed Plaintiff's request on February 4, 2013, arguing in part that agencies "cannot be sanction[ed] for conduct that is not in express violation of an order from an EEOC Administrative Judge." *Id.* at 1–2. The DOJ

[2] "When a[] [federal] employee complains of a personnel action serious enough to appeal to the [Merit Systems Protection Board] and alleges that the action was based on discrimination, she is said . . . to have brought a 'mixed case'" and "may proceed in a variety of ways" under the Civil Service Reform Act (CSRA) and federal antidiscrimination laws. *Kloeckner v. Solis*, 568 U.S. 41, 44–45 (2012) (citing 29 C.F.R. § 1614.302(b)). The procedures governing mixed cases are markedly different from those governing personnel actions exclusive to the MSPB and claims of employment discrimination only. *See id*.

argued in the alternative that Mitskog had not established a prima facie case of discrimination entitling her to relief, and that she was not prejudiced by the delay regardless. *Id.* at 2. On May 30, 2014, the EEOC AJ granted Mitskog's motion and entered a default judgment against the DOJ as a sanction for failing to complete the investigation of her claims within the 180-day timeframe established by regulation. *See id.* at 1–2, 12. The AJ assessed whether Mitskog had established a prima facie case of discrimination and concluded that she had done so only with respect to her claim of constructive discharge on the basis of age, sex, and disability. *Id.* at 10–12. The AJ denied all other pending motions and set a discovery period that was limited in scope to the issue of damages. *See id.* at 12.

Discovery was contentious. On July 21, 2014, the DOJ filed a motion for sanctions, which prompted the AJ to continue the damages hearing pending a ruling on that motion. ECF 16 at 21. On August 31, 2014, Mitskog filed a motion seeking the AJ's recusal, which the DOJ opposed on September 15, 2014. *Id.* Nearly a year later, on August 17, 2015, Mitskog filed her own motion for sanctions. *Id.* On October 27, 2015, the AJ ruled on both motions for sanctions and other pending matters. *Id.* As a sanction against Mitskog for her "combative and contumacious" conduct, the AJ canceled the damages hearing and rescinded the finding of discriminatory discharge but found that Mitskog was entitled to attorney's fees and compensatory damages. *See id.* at 21–22. Thus, the AJ ordered the DOJ to issue a final decision addressing attorney's fees and compensatory damages. *Id.* at 22.

On December 4, 2015, the DOJ "issued its final order and simultaneously filed an appeal" with the EEOC's OFO, and Plaintiff filed a cross-appeal. ECF 16 at 39. On appeal, the DOJ challenged as premature the AJ's sanction of default judgment and the favorable finding on Mitskog's constructive discharge claim. *See id.* at 22–23. Mitskog argued for sanctions against the DOJ for failing to issue a final decision on her matter, challenged the AJ's sanction of

canceling the damages hearing, and claimed that the AJ was biased against her. *Id.* at 23.

On September 27, 2018, the OFO sustained the AJ's actions but found that the AJ had "inappropriately rescinded" the discriminatory discharge finding. *Id.* at 29. The OFO determined that Mitskog was "entitled to the full range of applicable personal relief associated with [her] claim, including reinstatement, back pay and benefits, compensatory damages, and attorney's fees." *Id.* The OFO informed Mitskog that the DOJ's "compliance with the Commission's corrective action is mandatory." *Id.* at 32; *see* 29 C.F.R. §§ 1614.405(c), 1614.502. The OFO explained Mitskog's options if the DOJ failed to comply, including her right to petition the EEOC for enforcement or to file a civil action. *See id.* The OFO added that civil actions are "subject to the deadline stated in 42 U.S.C. 2000e-16(c)" and that the filing of a civil action would terminate "the administrative processing of the complaint, including any petition for enforcement." *Id.*

The DOJ requested reconsideration, which the OFO denied on March 15, 2019. *See* ECF 21-3 at 3. On April 15, 2019, in a letter to the EEOC and copied to Mitskog, the DOJ provided detailed reasons why it would not comply with the "OFO's Final Order of March 15, 2019." *See* ECF 21-2 at 1. On January 28, 2020, the OFO "identified an error of law in the appellate decision" dated September 27, 2018, and reopened the case "on [its] own motion" to address

> whether the EEOC Administrative Judge erred when, in the absence of an order, he sanctioned the Agency with a default judgment in favor of Complainant for its failure to timely complete the EEO investigation in this matter, where it took the Agency a total of 330 days to complete the investigation of the complaint after it was filed, including 129 days to determine acceptance of the complaint.

ECF 21-3 at 1. The OFO concluded that the AJ had failed to "follow the appropriate procedures in issuing a default judgment" by not first issuing "a show cause order prior to ordering any sanctions." *Id.* at 4. Consequently, the OFO reversed the appellate decision, vacated the default

judgment, remanded the case, and ordered the DOJ to send written notice to the New Orleans Field Office to reopen Mitskog's hearing request within 30 days, where the assigned AJ then could either issue a show cause order or adjudicate Mitskog's complaint on the merits under 29 C.F.R. § 1614.109. *Id.* The OFO again informed Mitskog about her options if the DOJ failed to comply, including her ability to "petition the Commission for enforcement of the [EEOC's] order." *Id.* at 5.

By letter dated February 13, 2020, the DOJ informed the OFO of its full compliance with its reconsideration decision. ECF 31-1 at 1. It noted that the EEOC's Hearings Division had transferred Mitskog's discrimination complaint to the Houston District Office, where assignment of an AJ was pending. *Id.* at 1 & n.1. Then, on March 9, 2020, the EEOC issued an order dismissing Mitskog's "administrative hearing case" in light of her "express intent to file suit." ECF 21-4 at 1. On May 4, 2020, Mitskog filed this civil action, invoking the Administrative Procedure Act (APA) and the Fifth Amendment to the U.S. Constitution. ECF 1. In count one, Mitskog alleges that the DOJ Defendants have unlawfully failed to implement relief ordered by the EEOC's OFO in its decision dated September 27, 2018. *Id.* at 23. In count two, Mitskog appears to seek money damages arising from the EEOC's alleged unlawful reopening of her case. *Id.* at 23–27.

## II. LEGAL STANDARD

Defendants' motion to dismiss is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF 20-1 at 13. To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although pro se complaints are "held to less stringent standards" and "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still

"plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A complaint that presents only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider the facts alleged in the plaintiff's complaint, any documents included as exhibits to or referenced in the complaint, as well as any "documents upon which the plaintiff's complaint necessarily relies[,] even if the document is produced not by plaintiff in the complaint but by the defendant in a motion to dismiss." *Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 103 (D.D.C. 2017); *see Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004). The Court may also consider matters of which the Court may take judicial notice. *See EEOC v. St. Francis Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). The Court must assume that the factual allegations made in a plaintiff's complaint are true and give the plaintiff the benefit of favorable inferences that may be drawn from the facts the plaintiff alleges. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the Court may not accept a plaintiff's inferences if they are not supported by the facts alleged. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Court also may not accept a plaintiff's legal conclusions posited as fact. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (citing *Kowal*, 16 F.3d at 1275).

## III. ANALYSIS

The Court considers the Parties' arguments below, ultimately agreeing that Plaintiff's claims should not go forward.

### A. This Court cannot compel enforcement of the OFO's September 27, 2018 decision because Mitskog failed to exhaust available administrative remedies.

In count one, Mitskog seeks enforcement of the OFO's vacated decision dated September

27, 2018. ECF 1 at 19–21, 23. The DOJ urges this Court to dismiss Mitskog's claim, arguing that she failed to exhaust her administrative remedies, first by not obtaining an order of agency noncompliance before filing suit and second because the order she seeks to enforce has been reversed. ECF 20-1 at 15–19. In response, Mitskog contends that the reversal of the September 27, 2018 decision was "an extreme *ultra vires* act" deserving no recognition and that, regardless, there is no exhaustion requirement because all the relevant EEOC orders here gave her the right to file a civil action notwithstanding a failure to petition for administrative enforcement. ECF 29 at 13–15. Because the Court finds that the governing regulation supports dismissal of Mitskog's action for failure to exhaust, the Court need not address Mitskog's contention that the reconsideration decision was unlawful.[3]

*1. The Administrative Process for Title VII Claims*

Although Mitskog fashions her claims in count one as arising under the APA, this case is, at bottom, a Title VII enforcement action. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). Federal employees who allege unlawful discrimination must first pursue administrative adjudication of any Title VII claims before they can proceed in federal court. *See* 42 U.S.C. § 2000e–16(a), (c); *Scott v. Johanns*, 409 F.3d 466, 471 (D.C. Cir. 2005). The EEOC is tasked with overseeing this statutory framework, and employees seeking redress must adhere to delineated processes to obtain relief. *See* 42 U.S.C. § 2000e–16(b), (c). First, an aggrieved employee must file a complaint with their employing agency. The employing agency must either investigate the claim or, at the behest of the employee, refer the case to a hearing before an EEOC

[3] Applicable regulations appear to permit the OFO to act "on its own motion" to clarify a prior decision but not to "change the result" or "enlarge or diminish the relief ordered." 29 C.F.R. § 1614.503(c). So, Mitskog's assertions of ultra vires conduct, *see, e.g.*, ECF 1 at 12–13, are not completely unfounded, but they are undeveloped. *See Borg-Warner Protective Servs. Corp. v. U.S. EEOC*, 81 F. Supp. 2d 20, 24 (D.D.C. 2000), *aff'd*, 245 F.3d 831 (D.C. Cir. 2001) (explaining that "judicial review of [ultra vires] allegations is to be granted only in extraordinary circumstances" where the violative conduct is clearly articulated).

AJ. *See* 29 C.F.R. §§ 1614.106, 1614.108, 1614.109. The employing agency then must take final action by issuing a final order to, among other things, "notify the complainant whether or not the agency will fully implement the decision of the [AJ]" and inform the complainant of their right to appeal to the EEOC or to file a civil suit in federal district court. *Id.* § 1614.110. When an agency declines to fully implement an AJ's decision, the agency may appeal to the EEOC's appellate body, the OFO. *See id.* §§ 1614.110(a), 1614.403. The OFO may elect to "issue[] a written decision." *Scott*, 409 F.3d at 468 (citing 29 C.F.R. §§ 1614.404, 1614.405). The regulations also provide that, where an employee is dissatisfied with an agency's final action—whether related to an AJ's decision or not—the employee has "two options: they may either file suit [in district court] or appeal to the EEOC." *Id.* (citing 29 C.F.R. § 1614.110).

*2. Judicial Review of Title VII's Federal-Sector Administrative Process*

Complainants who opt to sue in federal court can proceed in one of two ways. *Scott*, 409 F.3d at 469. In the first type of action, a plaintiff who has prevailed in the agency's administrative process sues to enforce the final administrative outcome. *Id.* In the second, a plaintiff who is "'aggrieved by the final disposition of [their] complaint, or by the failure to take final action on [their] complaint, may file a civil action' under Title VII." *Id.* (quoting 42 U.S.C. § 2000e–16(c)). Courts review each type of suit differently. If a plaintiff seeks enforcement, a reviewing court does not reconsider the discrimination determination or the remedy, and instead assesses only whether the agency has complied with the administrative outcome. *Id.* If a plaintiff brings a Title VII action to challenge the administrative outcome, the court reviews the plaintiff's discrimination claim de novo. *Id.*

*3. Exhaustion*

Title VII in particular "*requires* exhaustion of most administrative remedies." *Scott*, 409 F.3d at 471. Consistent with Title VII's exhaustion requirement, under the EEOC regulation

titled "Enforcement of final Commission decisions," a dissatisfied complainant must first submit a petition to the OFO specifying "the reasons that lead the complainant to believe that the agency is not complying with the [EEOC's] decision." 29 C.F.R. § 1614.503(a). The OFO then must "take all necessary action to ascertain whether the agency is implementing the decision of the [EEOC]" and undertake efforts to obtain compliance. 29 C.F.R. § 1614.503(b).

To the extent that the September 2018 decision Mitskog seeks to enforce is "a final administrative disposition," *Scott*, 409 F.3d at 469, Mitskog does not allege that she submitted a petition to the OFO or that she obtained an order of noncompliance, *see Farrington v. Johnson*, 206 F. Supp. 3d 634, 642 (D.D.C. 2016) ("[S]ome courts have held that 'an EEOC determination of non-compliance . . . is a prerequisite' to bringing an enforcement action"). Mitskog has not cited authority that supports her attempt to bypass the comprehensive regulatory scheme established by Congress, and she has not shown good cause as to why judicial review is appropriate. *See Patten v. District of Columbia*, 9 F.4th 921, 927 (D.C. Cir. 2021) ("[T]he detailed, precise, and comprehensive nature of an administrative-review scheme counts against immediate resort to federal district court"). The Court will thus dismiss Mitskog's claims in count one for failure to exhaust administrative remedies.

**B. Mitskog's claim for money damages is precluded by the availability of a de novo Title VII action.**

In count two, Mitskog invokes the Fifth Amendment and demands at least $500,000 in damages. ECF 1 at 21–26. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971), the Supreme Court implied a damages remedy for constitutional deprivations by federal employees so long as no special factors counseling against such damages are present. However, when there is "an 'alternative, existing process' capable of protecting the constitutional interests at stake," a *Bivens* remedy is not available. *Minneci v.*

*Pollard*, 565 U.S. 118, 125 (2012) (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). Indeed, the D.C. Circuit has repeatedly recognized that the existence of a comprehensive remedial scheme like that established by Title VII precludes a *Bivens* remedy. *See, e.g.*, *Wilson v. Libby*, 535 F.3d 697, 704–06 (D.C. Cir. 2008); *Liff v. Off. of Inspector Gen. for U.S. Dep't of Lab.*, 881 F.3d 912, 918–19 (D.C. Cir 2018); *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983) (citing *Brown v. GSA,* 425 U.S. 820, 835 (1976)). Under this controlling precedent, Title VII provides an adequate remedy that precludes Mitskog's *Bivens* claims, and thus the Court dismisses the claims in count two.

**C. Mitskog's claims against named Defendants sued in their individual capacities are dismissed for failure to state a claim upon which relief may be granted.**

The Court also dismisses Mitskog's claims against the named Defendants sued in their individual capacities. This Court has the authority to "dismiss a claim *sua sponte* without notice 'where the claimant cannot possibly win relief.'" *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (quoting *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring courts to dismiss a case proceeding *in forma pauperis* if the complaint "fails to state a claim on which relief may be granted"). In these circumstances, *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources." *Baker*, 916 F.2d at 726.

Here, the *Bivens* claims brought against federal officials in their individual capacities are not viable because Title VII is the exclusive remedy for a claim of discrimination brought by a federal employee against an agency. *See Minneci*, 565 U.S. at 125; *Wilson*, 535 F.3d at 704–06. Further, Mitskog's claims against Defendants in their individual capacities necessarily fail because there is no personal liability for individuals under Title VII. *See Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995). Mitskog therefore "cannot possibly win relief" from the Defendants

she has sued in their individual capacities.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**, and this case is **DISMISSED** in its entirety as to all Defendants. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

JIA M. COBB
U.S District Court Judge

Date: March 28, 2024